Lloyd E. **BODDIE, Jr.**, Plaintiff,

v.

**Thomas A. COUGHLIN, III, et al., Defendants.**

**No. 82 Civ. 1350 (KTD).**

United States District Court, S. D. New York.

July 22, 1982.

Lloyd E. Boddie, Jr., pro se.

Robert Abrams, Atty. Gen. of the State of N. Y., New York City, for defendants; Bridget E. Farrell, Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Lloyd E. Boddie, Jr. brought suit pursuant to 42 U.S.C. § 1983 against Thomas A.

---

Coughlin, III, the New York State Correctional Commissioner, Charles Scully, the Warden of the Green Haven Correctional Facility, a New York State prison, and Correctional Officer H. Rosario alleging in essence that the harassment of plaintiff, his placement in the Special Housing Unit and his loss of privileges, violated and continue to violate his constitutional rights. Boddie, an adult prisoner, is presently incarcerated at the Green Haven prison.

Congress recently enacted 42 U.S.C. § 1997e (1976 ed., Supp. IV) affording district courts the discretion to require convicted adult prisoners to exhaust their administrative remedies before proceeding in federal court on their Section 1983 suits. This narrow exception to the general no-exhaustion rule applicable to Section 1983 cases is appropriately utilized only after the district court makes a two-fold determination: one, that exhaustion is "in the interests of justice," 42 U.S.C. § 1997e(a)(1) and two, that either the "Attorney General has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards," 42 U.S.C. § 1997e(a)(2), detailed in the statute. *See id.* § 1997e(b)(2). This statute was adopted "to relieve the burden on the federal courts by diverting certain prisoner petitions back through state and local institutions, and also to encourage the states to develop appropriate grievance procedures." *Patsy v. Board of Regents,* —— U.S. ——, ——, 102 S.Ct. 2557, 2564–65, 73 L.Ed.2d 172 (1982).

Exhaustion of Mr. Boddie's administrative remedies will promote the interests of justice. Mr. Boddie's complaint lies squarely with the management of Green Haven Prison. His complaint alleges the following actions by the prison: unjustified placement in the special housing unit, unwarranted loss of good time and phone call privileges, not providing Boddie with usable denture adhesive and not permitting Boddie to attend his brother's funeral. It behooves all the parties to attempt resolution of this case within the available grievance procedure. However, Mr. Boddie's complaint states that the grievance mechanism at Green Haven was unavailable to him because of his placement in the Special Housing Unit. Thus, the Attorney General of the State of New York is directed to provide sufficient proof to allow this court to make a determination that the grievance procedure at Green Haven complies with Section 1997e(b)(2), and further to report on the availability of this procedure to Mr. Boddie. The Attorney General is further directed to submit this proof within twenty (20) days of the date hereof. The defendant's motion is denied subject to renewal after a determination is made on plaintiff's need to exhaust his administrative remedies pursuant to Section 1997e.

Meanwhile this matter is to be placed on the Suspense docket of this court.

SO ORDERED.